# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,     :

        Plaintiff,                           Case No. 3:10-cr-134
                                        Also 3:12-cv-201

                                        District Judge Walter Herbert Rice
     -vs-                            Magistrate Judge Michael R. Merz
                                :

JAMES SCHOOLER

        Defendant.

---

# REPORT AND RECOMMENDATIONS ON RULE 60(b) MOTION AND APPEAL *IN FORMA PAUPERIS*

---

This case is before the Court on Defendant's Motion for Reconsideration under Fed. R. Civ. P. 60(b)(Doc. No. 36), Notice of Appeal (Doc. No. 39), and Motion for Leave to Appeal *in forma pauperis* (Doc. No. 38).

Defendant seeks reconsideration of the Magistrate Judge's Report and Recommendations of June 26, 2012 (Doc. No. 35), which recommended dismissal with prejudice of his Motion to Vacate under 28 U.S.C. § 2255(Doc. No. 34). Defendant seems to understand the Report and Recommendations as final decision, but only District Judge Rice has authority to enter a final disposition on the Motion. Because there is no final judgment, the Notice of Appeal does not divest this Court of jurisdiction and the Magistrate Judge will therefore provide analysis and a recommendation on the Rule 60(b) Motion. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986); *Baker v. Raulie,* 879 F.2d 1396 (6th Cir. 1989)(per curiam).

Defendant asserts that the Court unlawfully and unconstitutionally proceeded against him in this case under maritime law. He offers no citation to the record in support of that proposition.

He was indicted under statutory law, 18 U.S.C. § 922(g)(1), which has no reference to maritime law. He also offers no authority for the proposition that the legislative territorial jurisdiction of the Congress is limited to Article I, § 8, cl. 17, the Clause which establishes authority to legislate for the District of Columbia and military forts.

Defendant is correct that the Congress does not have general territorial jurisdiction within the States, but can only legislate with effect within the States pursuant to some constitutionally delegated power. But, as pointed out in the Report and Recommendations, 18 U.S.C. § 922(g)(1) was adopted pursuant to the Commerce Clause and its constitutionality on that basis has been repeatedly upheld. In particular, Defendant claims the offense in this case "was committed within the exclusive legislative territorial jurisdiction of the sovereign State of Ohio." There is no such thing as the exclusive legislative territorial jurisdiction of Ohio. Congress can and has, for example, made it a federal crime to traffic in drugs, and drug trafficking committed even in the chambers of the Ohio Supreme Court or in the Statehouse would violate those valid federal laws and be prosecutable in this Court.

Defendant affirms under penalty of perjury that there are two distinct courts, The United States District Courts and the District Courts of the United States. He is mistaken. There is only one federal district court with authority to try federal criminal cases arising in the Southern District of Ohio, and that is this Court, created by Congress in 28 U.S.C. § 115(b). This Court is indeed a limited jurisdiction court, but its exclusive power to try federal crimes is conferred by 18 U.S.C. § 3231. Defendant's references to 28 U.S.C. § 1331 and 1332 are not relevant; those sections govern only jurisdiction in civil cases.

Defendant correctly notes that the United States Supreme Court recently considered the extent of Congress' Commerce Clause power in *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 567 U.S. ___, 2012 U.S. LEXIS 4876 (2012), and declined to uphold the Affordable Care Act's individual mandate to purchase health insurance under the Commerce Clause. But the Chief Justice's

agreement on that point with the four dissenting Justices did not question prior exercises of Commerce Clause power, even in *Wickard v. Filburn*, 317 U.S. 111, 128-29 (1942). Rather, the Court refused to extend the Commerce Clause from controlling "activity" such as Wickard's to commanding activity, such as buying health insurance. Justice Thomas in dissent was the sole justice to suggest he is willing to reconsider the power of Congress to act where there is a significant impact on interstate commerce. *Wickard* clearly remains good law.

And Mr. Schooler misunderstands the impact of Wickard. Farmer Wickard's planting of wheat[1] was regulatable by Congress under the Commerce Clause not because he received government benefits, but because his activity of growing wheat had a significant impact on interstate commerce. Thus Schooler's claim that he has never registered for benefits or received any benefits from any federal agency regulating commerce and firearms is completely irrelevant.

Schooler's Motion under Fed. R. Civ. P. 60(b) should be denied. Because the Report and Recommendations is not a final appealable order, he has no right to appeal as yet and his Motion to Appeal *in forma pauperis* should be denied as moot.

July 10, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

---

1 The Report and Recommendations mistakenly listed his crop as corn.

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).